NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1160

JULIE ROY

VERSUS

PAL DEVELOPMENT GROUP, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-2555 'K'
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

**James P. Lambert**
**A Law Corporation**
**P. O. Box 53083**
**Lafayette, LA 70505-3083**
**(337) 261-3737**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Julie Roy**

**Bruce D. Beach**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **PAL Development Group, Inc.**

**SAUNDERS, Judge.**

This is a personal injury case wherein a jury awarded the plaintiff damages. The plaintiff appeals, alleging that the jury's award for future medical expenses was manifestly erroneous because it ignored uncontradicted and credible medical testimony by the plaintiff's treating physician.

## FACTS AND PROCEDURAL HISTORY:

This action arises out of a personal injury claim on behalf of the plaintiff, Julie Roy, against a Louisiana corporation, PAL Development Group, Inc. (PAL). PAL was doing business as a retail business offering massage services under the business name of Massage Envy.

On May 25, 2012, Roy went to Massage Envy for a ninety-minute massage. Prior to beginning the massage, the massage therapist raised the table that Roy was lying upon due to the therapists' height being over six feet. After approximately forty-five minutes, Roy terminated the massage. The therapist left the room to allow Roy privacy to get dressed, but failed to lower the massage table back to its original height. The massage room was dark, and Roy lost her balance when she was attempting to get off of the massage table due to the fact that the massage table was still raised while she anticipated that it had been lowered to its original height. As a result, Roy fell and was injured.

Roy dressed and reported the incident to the management of Massage Envy. As a result of her fall, Roy contends that she experienced pain in her knee, shoulder, back, and neck.

On May 17, 2013, Roy filed suit against PAL. The matter was tried before a jury on May 11-13, 2015. The jury apportioned the fault between Roy and PAL on a 50/50 basis. It awarded Roy past medical expenses, general damages, and $65,000.00 for future medical expenses. Roy appeals and raises a single

assignment of error. Roy contends that the jury failed to award future medical expenses in a sufficient amount given the uncontradicted testimony from her treating physician.

## DISCUSSION OF THE MERITS:

Roy contends that the award of $65,000.00 for future medical expenses by the jury constitutes an abuse of discretion. We disagree.

Appellate adjudication of the adequacy of an award for future medical expenses is subject to the manifest error standard of review. *Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996.

Roy asserts that the testimony of Dr. Lindmann was uncontradicted and credible in establishing her future medical expenses. As such, according to Roy, the only reasonable finding for the jury was to award her the amount suggested by Dr. Lindmann.

Roy points out that when specifically asked about future medical treatment, Dr. Lindmann opined that Roy would need four visits per year with he or Dr. Gillespie, a pain management physician, at approximately $75 per visit, physical therapy about three times a year, each time four weeks in duration, at approximately $2,200.00 per four week regiment, injections about three times yearly at a cost of $1,000.00 per injection. When multiplied by Roy's life expectancy of twenty-six more years, the doctor visits would cost $7,800.00, physical therapy would cost $171,600.00, and injections would cost $78,000.00. This results in a sum of $257,400.00 for future medical expenses.

However, in more thoroughly reviewing Dr. Lindmann's testimony, we find that he was presented with medical records for physical therapy received by Roy for pain in her neck and low back secondary to "ddd" or degenerative disc disease, according to Dr. Michele Kettles, a physician with the Cooper Clinic who treated

2

Roy. Those records also stated that Roy's chief complaint was "long-standing neck, shoulder, and lower back pain" and that her pain was from a type of injury described as an "exacerbation of preexisting injury." These records provide a reasonable basis for the jury to have found that not all of Roy's future medical expenses described by Dr. Lindmann were attributable to the injury suffered from the fall.

Further, according to Dr. Lindmann, Roy was responding very well to physical therapy. Given this improvement over time, the jury could reasonably have found that Roy's pain would likely diminish over time, necessitating less medical treatment than that described by Dr. Lindmann. Finally, with regard to spinal injections, Roy has never had any such injections. The reason spinal injections were never performed on Roy is her use of a medication that prevents blood clots. This anti-clotting medicine was prescribed to her due to a mini-stroke she suffered in the past. Dr. Lindmann stated that Roy would have to discontinue use of that medicine in order to receive the injections. He also stated that he was hesitant to ask her to quit using the anti-clotting medication because he feared she would suffer another mini-stroke. Given this testimony by Dr. Lindmann, the jury could reasonably have found that Roy failed to prove that she was likely to receive any spinal injections.

Accordingly, given a thorough review of the record, we find that a reasonable basis exists for the jury to award Roy $65,000.00 in future medical expenses. As such, we find that this assignment of error lacks merit.

**CONCLUSION:**

Appellant, Julie Roy, raises a single assignment of error. We find no merit to that assigned error. As such, we affirm the jury's verdict and assess all costs of these proceedings to Julie Roy.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.